IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 19 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00837-BNB

RANDALL W. HARDING,

Applicant,

v.

RON WILEY, Warden FPC Florence, Colorado,

Respondent.

## ORDER OF DISMISSAL

Applicant Randall W. Harding is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp at Florence, Colorado. Mr. Harding has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court must construe the application liberally because Mr. Harding is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

Mr. Harding asserts two claims for relief that relate to the BOP's use of the Inmate Financial Responsibility Program (IFRP) to require him to pay court-ordered restitution in his criminal case. Mr. Harding was convicted and sentenced in the United States District Court for the Central District of California. He first claims in the instant action that the sentencing court improperly delegated its authority to establish a

restitution payment schedule to the BOP. Mr. Harding asserts in his second claim that the BOP lacks statutory authority to schedule restitution payments and that, as a result, he is being denied due process.

The Court first notes that, to the extent Mr. Harding is challenging the allegedly unlawful delegation of judicial authority by the sentencing court to the BOP, he actually is challenging the validity of his sentence. As a result, the Court lacks jurisdiction over this claim because any challenge to a federal prisoner's sentence must be asserted in the sentencing court in a motion pursuant to 28 U.S.C. § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Mr. Harding's second claim also lacks merit. The IFRP "serves a valid penological objective of rehabilitation by facilitating repayment of debts" and "is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation." *Johnpoll v. Thornburgh*, 898 F.2d 849, 850-51 (2d Cir. 1990) (per curiam); *see Phillips v. Booker*, 76 F. Supp. 2d 1183, 1192-93 (D. Kan. 1999); *Prows v. United States Dep't of Justice*, 704 F. Supp. 272, 274-75 (D.D.C. 1988); *aff'd*, 938 F.2d 274. The IFRP became effective in 1987 to encourage inmates to meet their "legitimate financial obligations." 28 C.F.R. § 545.10; *see Prows v. Department of Justice*, 938 F.2d 274, 275 (D.C. Cir. 1991) (per curiam). Court-ordered restitution specifically is included among the various obligations that are subject to collection through the IFRP. *See* 28 C.F.R. § 545.11(a)(2).

Furthermore, "[e]very court to consider a challenge to the IFRP's constitutionality had upheld it." *Davis v. Wiley*, 260 F. App'x 66, 68 (10th Cir. Jan. 2, 2008). "In sum,

the BOP is thus within its constitutional authority to establish and enforce payment amounts [Mr. Harding] must make towards the court-ordered . . . restitution." *Id.* at 69. Therefore, the Court finds that the application lacks merit and must be denied. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed.

DATED at Denver, Colorado, this 16 day of May, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00837-BNB

Randall W. Harding
Reg. No. 30569-112
FPC - Florence
PO Box 5000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/19/09

                            GREGORY C. LANGHAM, CLERK

                            By: _____
                                       Deputy Clerk